UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/9/11
```

UNITED STATES OF AMERICA            :

              - against -           :

VICTOR FIGUEROA-MOLINEROS,          :

                    Defendant.      :

- - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

01 Cr. 1001 (DC)
11 Civ. 2478 (DC)


**APPEARANCES:**         PREET BHARARA, ESQ.
                         United States Attorney for the
                         Southern District of New York
                              By:  Marc P. Berger, Esq.
                                   Assistant United States Attorney
                         One Saint Andrew's Plaza
                         New York, New York  10007

                         VICTOR FIGUEROA-MOLINEROS
                         Defendant Pro Se
                         #31484-053
                         Taft Correctional Institution
                         P.O. Box 7001
                         Taft, California  93268


**CHIN, Circuit Judge**

        On October 14, 2005, defendant Victor Figueroa-

Molineros[1] pled guilty to conspiracy to possess with intent to

distribute more than five kilograms of cocaine, in violation of

---

        [1]   Defendant's last name is spelled "Figueroa-Molinares"
on the first page of his motion.  Because it has consistently
been spelled "Figueroa-Molineros" in the case caption, however,
the Court will continue to use this spelling.

21 U.S.C. §§ 841(a)(1) and 846.  On February 16, 2006, Figueroa-Molineros was sentenced principally to a term of imprisonment of 168 months.[2]  Figueroa-Molineros now moves pro se pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence on the grounds that he was denied effective assistance of counsel. Specifically, he contends that his counsel rendered ineffective assistance by failing to argue that this Court did not have jurisdiction over the underlying case.  For the reasons set forth below, the motion is denied.[3]

## BACKGROUND

### A.   **The Facts**

In 1999 and 2000, Figueroa-Molineros conspired with others to distribute more than five kilograms of cocaine.  (PSR ¶¶ 19-20; Plea Tr. 12).  In 1999, he arranged for a co-conspirator to pick up approximately 100 kilograms of cocaine in New York, New York.  (PSR ¶ 19).  In July 2000, defendant met

---

[2]   On October 15, 2007, I reduced this sentence to 161 months for the reason described below.

[3]   Because "it plainly appears from [the § 2255] motion and . . . the prior proceedings that [Figueroa-Molineros] is not entitled to relief," I did not order the United States Attorney to file an answer to the instant motion.  See Rules Governing § 2255 Proceedings for the U.S. District Courts, Rule 4(b).  See also Armienti v. United States, 234 F.3d 820, 822-23 (2d Cir. 2000).

with co-conspirators in New York, New York to discuss the distribution of approximately 100 kilograms of cocaine.  (Id. ¶ 20; Plea Tr. 12).[4]  A few months later, he spoke with a confidential source, who was working with the FBI, regarding the details of the distribution.  (PSR ¶ 21).

**B.   Prior Proceedings**

On February 17, 2004, Figueroa-Molineros was indicted on two counts:  (1) conspiracy to import cocaine into the United States, in violation of 21 U.S.C. §§ 952(a) and 960(b)(1)(B); and (2) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.[5]  On March 14, 2004, he was writted to the Southern District of New York from the Southern District of Florida, where he was serving a sentence for illegal re-entry.  (PSR ¶¶ 23, 41).

On October 14, 2005, Figueroa-Molineros pled guilty to Count 2 of the indictment, pursuant to a plea agreement with the government.  At the plea hearing, defendant admitted that he distributed between 50 and 150 kilograms of cocaine.  (Plea Tr.

---

[4]    The PSR states that this meeting took place in Queens, New York, but at his plea hearing, defendant stated that it took place in Manhattan.

[5]    Two other defendants were also indicted on the first count.

- 3 -

13).  By the terms of the plea agreement, Figueroa-Molineros agreed to waive his right to appeal or otherwise challenge a sentence within or below the stipulated guidelines range (168 to 210 months).  (Plea Agmt. 5; Plea Tr. 10).

Figueroa-Molineros was originally sentenced on February 16, 2006 to 168 months in prison.  On October 15, 2007, he moved to reduce the sentence to 161 months to account for credit he was supposed to have received for his seven-month detention at the Metropolitan Correctional Center prior to sentencing.  I construed this as a motion pursuant to 28 U.S.C. § 2255 and granted the requested relief.  (Order, 01 Cr. 1001 (DC) (S.D.N.Y. Oct. 15, 2007)).

On March 22, 2011, Figueroa-Molineros filed the instant motion.[6]  He argues that his counsel "fail[ed] to demand an immediate dismissal of the instant criminal case, with prejudice, for lack of any criminal jurisdiction."  (Def.'s Supp. Mem. 1).  Although the one-year statute of limitations prescribed by 28

---

[6]    Because defendant's first petition resulted in an Amended Judgment (Am. J., 01 Cr. 1001 (DC) (S.D.N.Y. Oct. 18, 2007)), I do not consider this a "successive" petition over which this Court would not have jurisdiction.  Johnson v. United States, 623 F.3d 41, 45-46 (2d Cir. 2010) ("[W]here a first habeas petition results in an amended judgment, a subsequent petition is not successive regardless of whether it challenges the conviction, the sentence, or both.").

U.S.C. § 2255 has expired, he argues that the motion is timely in light of <u>Padilla v. Kentucky</u>, 130 S. Ct. 1473 (2010).  (Def.'s Mem. 13).

### DISCUSSION

**A.   Ineffective Assistance of Counsel**

**1.   Applicable Law**

To demonstrate ineffective assistance of counsel, the defendant must satisfy the two-prong test established in <u>Strickland v. Washington</u>.  <u>See</u> 466 U.S. 668, 687 (1984).  He must first demonstrate that his counsel's representation "fell below an objective standard of reasonableness" under prevailing professional norms.  <u>Id.</u> at 688.  In evaluating counsel's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  <u>Id.</u> at 687.

If counsel's performance was unreasonable, that alone does not warrant setting aside the judgment.  <u>Id.</u> at 691.  The defendant must next demonstrate under the second prong of the test that counsel's unreasonable performance prejudiced the defendant.  <u>Id.</u>  The defendant "must show that there is a reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."
Id. at 694.

### 2. **Application**

Figueroa-Molineros's ineffective assistance claim
fails, for his counsel's performance did not fall below an
objective standard of reasonableness.  Defendant maintains that
his counsel erred by failing to challenge the Court's
jurisdiction over his case.  But his counsel "cannot be held
ineffective for failing to assert a legal theory that had not
been accepted by any court."  United States v. Marte, No. 11-
2299, 2011 WL 2853885, at *5 (S.D.N.Y. July 20, 2011).

Although Figueroa-Molineros argues that this Court does
not have jurisdiction over his case because he was not arrested
in "any fort, magazine, arsenal, dockyard, 'needful building,' or
other federal enclave within New York State" (Def.'s Supp. Mem.
1), such an assertion is contrary to clearly established law.

"The district courts of the United States shall have
original jurisdiction . . . of all offenses against the laws of
the United States."  18 U.S.C. § 3231.  Since defendant was
charged under a federal criminal statute -- a "law[] of the
United States" -- this Court properly exercised jurisdiction.
That the offense did not take place on federal property is of no

consequence.  Furthermore, the Southern District of New York was the appropriate venue for the prosecution of his case because at least some of the offense conduct occurred in New York, New York. (PSR ¶¶ 19-21).  <u>See</u> Fed. R. Crim. P. 18.

To the extent Figueroa-Molineros's motion may be construed as a challenge to the constitutionality of the Controlled Substances Act, that argument fails as well.  The Second Circuit has specifically upheld the constitutionality of the Controlled Substances Act, finding that the statute does not violate the Commerce Clause.  <u>United States v. Walker</u>, 142 F.3d 103, 111 (2d Cir. 1998) (rejecting Commerce Clause challenge to Controlled Substances Act); <u>United States v. Genao</u>, 79 F.3d 1333, 1337 (2d Cir. 1996) (same).

As no court would entertain defendant's proposed jurisdictional challenge, it was not unreasonable for his counsel to fail to challenge the Court's jurisdiction.  As a result, his attorney cannot be deemed ineffective for failing to raise this argument.

Because Figueroa-Molineros has not established the first prong of the <u>Strickland</u> test, I do not reach the prejudice prong.  Furthermore, in light of the finding above, I need not

reach the issues of whether the petition is timely,[7] or whether defendant has waived his right to challenge his sentence. Since the record "conclusively show[s] that the prisoner is entitled to no relief," 28 U.S.C. § 2255(b), the Court denies petitioner's request for an evidentiary hearing.

### CONCLUSION

For the reasons set forth above, Figueroa-Molineros has failed to demonstrate any basis for relief under 28 U.S.C. § 2255. Because defendant has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. See 28 U.S.C. § 2255(c)(2) (as amended by AEDPA). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith.

The Clerk of Court shall close this case.

**SO ORDERED.**

Dated: New York, New York
August 9, 2011

DENNY CHIN
United States Circuit Judge
Sitting by Designation

---

[7] The Court notes, however, that the Padilla decision relied on by defendant is completely inapposite to the issue of timeliness in this case.